### J. W. SMITH v. W. H. PRICE.

Decided December 20, 1899.

**Landlord and Tenant—Subletting—Settlement.**

A landlord who accepts from a subtenant the rent for the land occupied by him, as in settlement of the landlord's demands against him, can not enforce a lien for rent or advances due from the tenant against crops raised by such subtenant, whether he consented, or not, to the subletting.

APPEAL from the County Court of Travis. Tried below before Hon. A. S. WALKER.

*Victor C. Moore* and *Joseph W. Cloud,* for appellant.

*John Dowell,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—Suit in justice court by appellee W. H. Price against J. W. Smith, appellant, and Monroe Fox, constable, for actual and exemplary damages for alleged unlawful and malicious taking and conversion of plaintiff's crop on the 20th day of October, 1898, itemized as follows:

"To market value of 700 bushels of corn.................. $210.00
"To market value of 1000 pounds of cotton seed............ 12.50
"To market value of one rick of fodder, worth $25, damaged one-third ........................................ 8.33

$230.83

"Exemplary damages, $400."

Defendant claimed that he seized the property by attachment for rent due him by D. D. Dye, tenant on his farm for the year 1898, having a landlord's lien thereon, and to pay note and mortgage to secure advances on the crop on the farm for $104.74, executed by Dye, his tenant, who had sublet a part of the farm to Price; the property seized by attachment having been raised on the rented premises; denying all malice and improper motive.

Plaintiff replied that he had sublet from Dye a part of the premises leased, on which part the crop levied on was raised, with the consent of defendant, and had paid him the rent due for his part of the farm, which had been accepted by defendant, and that no rent was due upon the land cultivated by him; had paid three bales of lint cotton, 1615 pounds, which were accepted by Smith in full settlement.

He further claimed that all rent had been paid for the year by Dye and $11.70 over in cotton, and that the mortgage had also been paid, as had been established by judgment in suit of J. W. Smith v. D. D. Dye, in which suit it was also determined that the attachment had been wrongfully and maliciously sued out.

Defendant denied that plaintiff had rented with his consent; denied that the rent paid was with the understanding that it should be applied to rent of the part of the place cultivated by plaintiff; denied that his rent had all been paid by Dye and plaintiff, and said that there was no agreement that any of the rent paid should be applied to any particular part of the farm. He still insisted on the validity of his mortgage lien on all the crop to pay the note for $104.75.

The court charged that the evidence would not support the claim for exemplary damages; that the fodder had not been seized, and that the jury should find for defendant as to both these issues.

The jury returned a verdict for defendant Fox, and for Price against Smith for $125.20, "the same being the value of 604 bushels of corn at 20 cents per bushel, and 400 pounds of seed cotton at $1.10 per 100

pounds," and judgment was rendered accordingly. The judgment was reformed on motion of defendant in particulars that need not be mentioned. Defendant has appealed.

It was proved by the testimony of plaintiff's son as follows: "I am the son of W. H. Price, the plaintiff in this case. Last year, about the middle of September, my father instructed me to take over to Mr. J. W. Smith three bales of cotton of the crop raised on the Campbell place in payment of the rent he owed him for the land that he cultivated. that year. This land is on the Campbell place. I took the three bales of cotton over and delivered them to Mr. Smith in payment of the rent that my father owed him. I came back, and my father asked me if I had told Mr. Smith that these three bales of cotton that I delivered him were in payment of the rent that my father owed him upon the land that he had cultivated for that year on the Campbell place, and I told my father that I had not done so. He told me to go back next morning and tell Mr. Smith this. The next morning I went back and told Mr. Smith this and he said it was all right, and that he accepted it and understood it that way."

*Opinion.*—The verdict of the jury affirms the truth of this testimony,. and we must accept it as true. It established the plea that the cotton had been accepted in full satisfaction of the claim against plaintiff for rent.

Whether there was or was not an agreement of renting by defendant to plaintiff of the land cultivated by him, if he accepted the rent paid by him in full settlement of the rent due by him, it would be a satisfaction of all claim against him, and we must affirm the judgment on that ground.

There is no objection to the judgment on the ground that the property seized and converted by defendant was not of the value found by the jury, and consequently it is not necessary for us to decide any such question. The verdict establishes the fact that defendant seized and converted the property in suit and establishes its value, about which there is no controversy in this court. It also establishes the fact of full settlement and satisfaction by plaintiff.

All assignments of error are deemed not well taken, and the judgment. is affirmed.

*Affirmed.*